UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF CARL R. INGRAM, through its personal representatives, AMITY LARSEN and DANIELLE WOLD,<br><br>            Plaintiffs,<br><br>     v.<br><br>AMERICAN STATES INSURANCE COMPANY; and SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>            Defendants. | NO: 2:14-CV-58-RMP<br><br>ORDER GRANTING DEFENDANT AMERICAN STATES INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is a Motion for Partial Summary Judgment filed by Defendant American States Insurance Company ("American States"), ECF No. 11. The motion was heard without oral argument. John M. Silk appeared on behalf of Defendant American States. Robert W. Rembert appeared on behalf of the Plaintiff, the Estate of Carl R. Ingram. The Court has considered the briefing and the file and is fully informed.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

BACKGROUND

Plaintiff, the Estate of Carl R. Ingram, filed a Complaint for Underinsured Motorist Coverage in Asotin County. ECF No. 1-1 at 3-13. Defendants subsequently filed for removal of the case to federal court on the basis of diversity jurisdiction. ECF No. 1.

According to the allegations of the Complaint, Carl R. Ingram was struck and killed by a motorist, Kenneth A. Smith, on the evening of December 14, 2012, after Mr. Ingram had stopped to provide assistance to a couple who were attempting to remove loose dogs from the roadway and vicinity. ECF No. 1-1 at 3-13. Plaintiff alleges that Mr. Smith admitted at the scene that he did not even see Mr. Ingram prior to striking him. *Id.*

Plaintiff alleges that Mr. Smith was an underinsured motorist at the time of the incident and that Mr. Smith's insurer promptly tendered its applicable liability limit. Plaintiff also alleges that Defendants American States and Safeco Insurance Company of Illinois each insured Mr. Ingram for underinsured motorist coverage at the time of the incident. *Id.*

Pertinent to the instant motion, Plaintiff further alleges that Defendant American States' insurance policy contained an invalid provision requiring the insured to bring suit within one year after the date on which the cause of actions accrues to receive UIM benefits. *Id.* American States' policy included

underinsured motorist coverage via the Washington Underinsured Motorist Coverage endorsement. The relevant part of the policy states:

> **3. Legal Action Against Us** is replaced by the following:
>
> a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.
>
> b. Any legal action against us under this Coverage Form must be brought within one year after the date on which the cause of action accrues.

ECF No. 12-1 at 7.

Defendant American States now files for partial summary judgment seeking a declaration that the policy provision quoted above is valid and enforceable under Washington law. ECF No. 11.

## DISCUSSION

Summary judgment is appropriate where the movant has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The interpretation of an insurance contract is a question of law, properly decided on summary judgment unless 'contract terms are ambiguous and contradictory evidence is introduced to clarify the ambiguity.'" *Newmont USA Ltd. v. Am. Home Assurance Co.*, 795 F. Supp. 2d 1150, 1166 (E.D. Wash. 2011) (quoting *Estate of Sturgill v. United Servs. Auto. Ass'n*, 84 Wn. App. 877, 880 (1997)). The "meaning and validity" of an insurance policy "is resolved

as a matter of law." *Id.* (quoting *Safeco Ins. Co. of Illinois v. Auto. Club Ins. Co.*, 108 Wn. App. 468, 472 (2001)).

The policy provision at issue provides that an insured must bring any legal action against American States regarding coverage "within one year after the date on which the cause of action accrues." ECF No. 12-1 at 7. American States contends that this provision is expressly allowed by RCW 48.18.200, which states:

> (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement
>
> . . .
>
> (c) limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In contracts of property insurance, or of marine and transportation insurance, such limitation shall not be to a period of less than one year from the date of the loss.

Underinsured motorist coverage is not "property" or "marine transportation" insurance. "Property insurance" is defined by statute as "insurance against loss of or damage to real or personal property." RCW 48.11.040. "Marine and transportation insurance" is defined as "insurance against loss of or damage to . . . vessels, craft, aircraft, vehicles . . . and all other kinds of property and interests therein, in respect to, appertaining to or in connection with any and all risks or perils of navigation, transit or transportation," including loss or damage to "person[s] or property in connection with or appertaining to a marine, transit or

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

transportation insurance." RCW 48.11.050. "Vehicle insurance," on the other hand, is defined as follows:

> (1) "Vehicle insurance is insurance against loss or damage to any land vehicle or aircraft or any draft or riding animal or to property while contained therein or thereon or being loaded or unloaded therein or therefrom, and against any loss or liability resulting from or incident to ownership, maintenance, or use of any such vehicle or aircraft or animal.
>
> (2) Insurance against accidental death or accidental injury to individuals while in, entering, alighting from, adjusting, repairing, cranking, or caused by being struck by a vehicle, aircraft, or draft or riding animal, if such insurance is issued as part of insurance on the vehicle, aircraft, or draft or riding animal, shall be deemed to be vehicle insurance.

RCW 48.11.060.

Despite the plain language of RCW 48.18.200, Plaintiff contends that the one-year limitation for bringing suit against American States from "the date on which the cause of action accrues" is in violation of Washington's underinsured motorist statute, RCW 48.22.030. The underinsured motorist statute is intended to allow "an injured party to recover those damages which the injured party would have received had the responsible party been insured with liability limits as broad as the injured party's statutorily mandated underinsured motorist coverage limits." *Britton v. Safeco Ins. Co. of Am.*, 104 Wn. 2d 518, 531 (1985). Where an underinsured motorist endorsement does not provide protection commensurate to the underinsured motorist statute, "the offending portion of the policy is void and

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

unenforceable." *Id.* "In other words, the Legislature has mandated a certain amount and kind of coverage; the insurer cannot avoid that obligation by a policy clause which has not been authorized by the Legislature." *Id.*

The Washington Supreme Court has recognized that "the Legislature intended broad UIM coverage when it enacted our UIM statute." *Greengo v. Public Employees Mut. Ins. Co.*, 135 Wn. 2d 799, 805-06 (1998) (citing *Mid-Century Ins. Co. v. Henault*, 128 Wn. 2d 207, 212 (1995)). To that end, the Washington underinsured motorist statute must be liberally construed. *See id.* at 806. Washington courts will void exclusionary or limiting clauses where they conflict with the express language of the statute or where they are contrary to the statute's declared public policy. *See id.* (citing *Bohme v. PEMCO Mut. Ins. Co.*, 127 Wn. 409, 412 (1995)).

The crux of Plaintiff's argument is that that the one-year suit limitation provision violates public policy because it "impose[s] time limits for an insured to file suit for benefits which are shorter than the period an insured would have to file suit against a fully insured tortfeasor." ECF No. at 13 at 11. In support of this argument, Plaintiff cites to *Signal Insurance Co. v. Walden*, where the Washington Court of Appeals held void an insurance contract provision limiting the period of time to bring suit against the underinsured motorist to one year from the date of the accident. 10 Wn. App. 350 (1974). The court noted that "any limiting language in

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

an insurance contract which has the effect of providing less protection than that made obligatory by the [Washington underinsured motorist] statute would be contrary to the public policy . . . and of no force and effect." *Id.* at 353. In holding that the provision at issue in *Signal* was void, the court stated that "[t]he one year limitation in the uninsured motorist section of the policy inhibits the fulfilment of the public policy that a claimant shall have the same rights in an uninsured motorist situation as he would have against a responsible third party." *Id.* at 353-54.

The Washington Supreme Court previously determined when a cause of action "accrues" pursuant to breach of an insurance contract. In *Safeco Insurance Co. v. Barcom*, the court rejected an argument that the statute of limitations for breaching an insurance contract should begin to run "on the date of the accident." 112 Wn. 2d 575, 583 (1989). The court explained that "no justiciable controversy exists under a contract until a breach actually occurs" and held that "the contract statute of limitations begins to run against an insured on the date of the breach of the contract of insurance by the insurer." *Id.* Therefore, as American States argues, the one year limitation period begins to run against the insurer when the insurer providing underinsured motorist benefits refuses to pay a claim or pays less than the insured believes they are entitled to, and not from the time that the underinsured motorist damaged the insured.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

The Court agrees with American States' interpretation, which makes the policy provision at issue permissible under RCW 48.18.200 and does not violate the underinsured motorist statute. Plaintiff was not limited in the usual amount of time that he would have to pursue action against the underinsured motorist, which is three years under RCW 4.16.080(2). Rather, under Plaintiff's policy with American States, once American States' obligation to pay benefits pursuant to the underinsured motorist policy arose, and American States allegedly breached the contract policy by failing to honor that obligation, Plaintiff then had one year to pursue legal action against American States.

Accordingly, **IT IS HEREBY ORDERED** that Defendant American States' Motion for Partial Summary Judgment, **ECF No. 11**, is **GRANTED**.

The District Court Clerk is directed to enter this Order and to provide copies to counsel.

DATED this 25th day of August 2014.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge